**In re Jong KIM, Debtor(s).**

**No. 06–33291.**

United States Bankruptcy Court,
N.D. Ohio.

Oct. 19, 2007.

Raymond L. Beebe, Raymond L. Beebe Co., LPA, Toledo, OH, for Debtor.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a Hearing on the Motion for Relief from

Judgment Confirming Plan Pursuant to Bankruptcy Rule 9024 Filed by American Credit Corporation. At the conclusion of the Hearing, the Court Denied the Movant's Motion for Relief from Judgment. The following memorializes this Court's oral order and, pursuant to Bankruptcy Rules 7052 and 9014, constitutes this Court findings of fact and conclusions of law.

### DISCUSSION

▆▆ The Movant makes its Motion pursuant to Bankruptcy Rule 9024. The party making a motion pursuant to this Rule bears the burden of establishing the necessity and propriety of its right to relief under this Rule. As the matters underlying the Movant's Motion involve an objection to a claim and the confirmation of the Debtor's Chapter 13 plan, which are deemed to be core proceedings, this Court has been conferred with the jurisdictional authority to enter a final order in this matter. 28 U.S.C. §§ 157(b)(2)(B)/(L).

By its action under Bankruptcy Rule 9024, the Movant, American Credit Corporation, seeks an order for partial relief from the order confirming the Debtor's Chapter 13 plan of reorganization. Specifically, the Movant requests that this Court grant it relief from the determination of value regarding its collateral as set forth in the Debtor's Plan. Under the Debtor's Chapter 13 Plan, as confirmed by the Court, the Movant's collateral was set forth as having a value of $17,325.00. The Movant contends that its collateral has a value of $66,800.00. After the Debtor's Plan was confirmed, the Movant filed a proof of claim to this effect.[1]

---

1. The proof of claim filed by the Movant is for a total of $146,690.66. The Debtor's confirmed plan of reorganization sets forth that the Movant's secured claim will be paid at a monthly rate of $347.78, with 8% interest; the Plan then provides that the Debtor's unse-

Bankruptcy Rule 9024 makes applicable Rule 60(b) of the Federal Rules of Procedure, which provides that upon "motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding...." Rule 60(b) then sets forth that relief from judgment can only be afforded if the basis for the relief falls into one of six categories. In this matter, the Movant, as the basis for its Motion for Relief from Judgment, relied entirely on the first category set forth in Rule 60(b): mistake, inadvertence, surprise, or excusable neglect. In particular, the Movant argues that its failure to object to the confirmation of the Debtor's Chapter 13 plan of reorganization, or otherwise file a timely action to protect its collateral interest, was the result of a mistake and excusable neglect. (Doc. No. 58).

In putting forth its position, the Movant did not take issue with the binding effect the Debtor's Plan, as confirmed by the Court, had on setting the valuation of its collateral. Rather, the Movant put forth that it mistakenly "failed to formally oppose the plan because it believed that this action was unnecessary in the context of recovering its collateral or at least being treated as secured in the amount of its own valuation as reflected in its proof of claim." (Doc. No. 58). This mistake existed because, according to the Movant, during the course of the proceeding in this case, it was lead to believe by its prior legal counsel that the proof of claim filed on its behalf would be controlling with regard to the valuation of its collateral and thus it did not need to oppose confirmation of the Debtor's Chapter 13 plan so long as it filed its proof of claim. (Affidavit of David Cabral, ¶ 6).

■ A party's reliance on the advice of counsel may constitute a mistake warranting relief under Rule 60(b). A party, however, bringing an action under Rule 60(b) is not entitled to relieve itself of its errors by laying blame on its attorney. Rule 60(b)(1) motions envision mistakes that a party could not have protected against, such as a party's counsel acting without authority of the party to that party's detriment. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996). Rule 60(b) motions will also not "remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge that corrects prior erroneous legal advice of counsel." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir.2006).

Under these parameters, the Movant's failure to object to the Debtor's confirmed plan resembles more of a deliberate action, perhaps even a calculated litigation tactic, as opposed to just an inadvertent mistake. The Movant in this case is a sophisticated business lender, while its legal counsel is experienced in bankruptcy matters. The Movant was provided notice of the Debtor's Plan. (Doc. No. 9). During the progression of this case, the Movant also kept a careful eye on its collateral interest. It filed a Motion for relief from Stay, (Doc. No. 15); while its Motion for relief was pending, it entered into discussions with the Debtor, (Doc. No. 27); and after its discussions with the Debtor, it withdrew its Motion for Relief, (Doc. No. 41). In addition to this case, the Movant was also involved in the Debtor's prior Chapter 7 case, Case No. 06–31606.

■ Even if the Movant's failure to object to the valuation of its collateral in the

cured debts shall be paid 100 cents on the     dollar. (Doc. No. 2).

Debtor's Chapter 13 plan cannot be categorized as deliberate, its failure to object hardly warrants setting aside this Court's order of confirmation based upon excusable neglect. The standard for "excusable neglect" was addressed by the Supreme Court of the United States in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 398, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993). Although in *Pioneer,* the Supreme Court addressed the meaning of this term in the context of an action to enlarge the time for computing deadlines under Bankruptcy Rule 9006(b), this standard is equally applicable in an action to set aside a judgment under Federal Rule of Procedure 60(b), and thus by implication Bankruptcy Rule 9024. *Vaughan v. Mortgage Lenders Network (In re Bradbury),* 310 B.R. 313, 317–18 (Bankr.N.D.Ohio 2003), *citing In re O'Brien Environmental Energy, Inc.,* 188 F.3d 116, 126, n. 7 (3rd Cir.1999).

In *Pioneer,* the Supreme Court held that the determination of whether a party's neglect was "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. at 395, 113 S.Ct. at 1498. Factors to consider in this regard, are "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

In this case, the Court finds it credible, as the Debtor argued, that he reasonably relied on this Court's Order of confirmation by leaving his home and moving into his business facility. The weight of this reliance is further strengthened by the delay the Movant took in filing the instant action. The Movant filed his Chapter 13 Plan on November 14, 2006, (Doc. No. 2);

the Court confirmed the Plan on February 5, 2007, (Doc. No. 38); but the Movant did not file its Motion for Relief from the Order until August 24, 2007, (Doc. No. 58).

The Movant's position is also tainted by its previous failure to actually prosecute its position when afforded the opportunity. After some interim events, an evidentiary hearing was set on the Movant's Motion for Relief from Stay. (Doc. No. 33). At the appointed date, however, with the Debtor and his counsel appearing, the Creditor advised the Court that it was not going forward with its Motion. (Doc. No. 40).

Public policy strongly favors according finality to judgments. *Blue Diamond Coal Co. v. Trustees of United Mine Workers of America Combined Benefit Fund,* 249 F.3d 519, 528–29 (6th Cir.2001). Given this policy in light of those considerations discussed herein, the equities in this case favor adhering to those terms of the Debtor's confirmed Chapter 13 plan of reorganization.

Accordingly, based upon this Court's prior oral order, it is

***ORDERED*** that the Motion of American Credit Corporation for Relief from Judgment under Bankruptcy Rule 9024, be, and is hereby, DENIED.