FILED

JUL 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TSEGAI HAILE, | No. 10-15904 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-04149-MMC |
| v. | |
| SANTA ROSA MEMORIAL HOSPITAL, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| and | |
| ST. JOSEPH HEALTH SYSTEM SONOMA COUNTY, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted July 12, 2011[**]

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3. Haile's request for publication is denied.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tsegai Haile appeals pro se from the district court's judgment following a bench and jury trial in his employment action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). We review for an abuse of discretion a district court's denial of a motion for a new trial. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007) (Fed. R. Civ. P. 59(a)); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006) (Fed. R. Civ. P. 60(b)). We affirm.

The district court properly granted summary judgment on Haile's Consolidated Omnibus Budget Reconciliation Act ("COBRA") claim because Haile failed to raise a genuine dispute of material fact as to whether Santa Rosa Memorial Hospital complied with COBRA's notification provision. *See* 29 U.S.C. §§ 1163 (defining "qualifying event"), 1166(a) (setting forth notice requirements).

We cannot review Haile's contentions that require examination of oral proceedings in the district court because Haile failed to include the relevant transcripts in the record on appeal as required by Fed. R. App. P. 10(b). *See Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169-70 (9th Cir. 1991) (per curiam) (pro se appellant failed to provide relevant transcripts).

To the extent that consideration of the district court's denial of Haile's motion for a new trial does not require review of a transcript, the district court did not abuse its discretion because Haile failed to show grounds warranting such relief. *See Molski*, 481 F.3d at 729 (setting forth grounds for a new trial under Rule 59(a)); *Latshaw*, 452 F.3d at 1101-02 (plaintiff was not entitled to relief from judgment under Rule 60(b) on the basis of her attorney's alleged misconduct).

Haile's remaining contentions are unpersuasive.

Haile's "Motion to Augment Opening Brief and Rebuttal to J. Chesney's Argument" is granted to the extent that it seeks to supplement the opening brief and is otherwise denied. Haile's remaining pending motions, including his requests for sanctions, are denied.

**AFFIRMED.**