**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ELIZABETH ALBRIGHT LATSHAW,
          *Plaintiff-Appellant,*

          v.

TRAINER WORTHAM & COMPANY,
INC., a corporation; ROBERT J.
VILE, a natural person,
          *Defendants-Appellees.*

No. 03-57230

D.C. No.
CV-03-04104-JFW

OPINION

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted
October 20, 2005—Pasadena, California

Filed July 6, 2006

Before: Harry Pregerson, Richard R. Clifton, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Clifton

**COUNSEL**

Harry Steinberg (argued), Lester Schwab Katz & Dwyer, LLP, New York, New York, for the plaintiff-appellant.

Daniel J. Tyukody, Robert D. Weber (argued), Clifford Chance US LLP, Los Angeles, California, for the defendants-appellees.

**OPINION**

CLIFTON, Circuit Judge:

Plaintiff Elizabeth Latshaw appeals the district court's denial of her motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment. The judgment resulted from her acceptance of an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure. Latshaw argues that she accepted the offer under coercion from and based upon fraud by her counsel, who allegedly gave her erroneous legal advice and threatened to resign from the case if Latshaw did not accept the offer. We are not persuaded and affirm the decision of the district court. Generally speaking, Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge that corrects prior erroneous legal advice of counsel. The district court's refusal to relieve Latshaw from her decision was not an abuse of discretion.

## I.   Background

Latshaw hired Trainer Wortham & Company, Inc., an investment management firm, to manage approximately $1.65 million of her assets. Robert Vile, a Trainer portfolio manager, was responsible for handling Latshaw's account. Latshaw claims that defendants Trainer and Vile failed to follow her stated investment instructions and objectives, ultimately causing her to sustain substantial financial losses.

Latshaw commenced an action in Los Angeles Superior Court, claiming over $800,000 in damages. Latshaw was represented by a Missouri-based attorney, Diane Nygaard, and local California counsel, David Harrison. Latshaw's claims included breach of oral and written contract, breach of fiduciary duty, fraud, constructive fraud, negligence, and negli-

gent supervision. The defendants removed the action to federal district court.

Six weeks later, the defendants served Latshaw with a $15,000 offer of judgment under Rule 68. The events following the defendants' offer and leading up to Latshaw's acceptance of the offer are in some dispute.[1] Latshaw contends that she and her two attorneys initially considered the offer grossly insufficient. Days later, however, Latshaw was allegedly informed that her attorneys had lost interest in the case and hoped to convince her to accept the offer. Latshaw asserts that when she confronted Nygaard with this information, Nygaard admitted that she and Harrison intended to resign from the case and erroneously stated that Latshaw would be liable for costs and attorneys' fees, which would be "enormous," if Latshaw rejected the offer and the offer exceeded her ultimate judgment. In fact, Latshaw would have only been liable for the defendants' costs, not attorneys' fees, if she rejected the offer and the offer exceeded her ultimate judgment. *See* Fed. R. Civ. P. 68 ("If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.").

Latshaw contends that erroneously "[b]elieving I was without counsel . . . and would be liable for all Defendants' attorneys fees and costs, and, moreover that I had to sign by August 4, I reluctantly signed [the acceptance of the offer] because I felt I had no choice." After Latshaw completed her portion of the acceptance, Nygaard signed her own name and Harrison's name to the document and arranged for its filing. Judgment on the agreed-upon terms was entered by the district court soon thereafter.

---

[1]For purposes of our discussion, we accept Latshaw's description of the events. We note that Nygaard and Harrison are not parties to this action and have not had an opportunity to respond to Latshaw's charges. We do not reach any conclusion with regard to the validity of the factual allegations.

Latshaw claims that she subsequently learned Nygaard had deceived her when Latshaw discovered that her California attorney had not intended to desert the case. Further, Latshaw learned she would not have been liable for the defendants' attorneys' fees had she rejected the offer, also contrary to Nygaard's statement.

Accordingly, two months after entry of the judgment, Latshaw filed in the district court a Motion to Rescind and Vacate Acceptance of Defendants' Offer of Judgment under Federal Rule of Civil Procedure 60(b). Notably, Latshaw did not fault the conduct of the defendants, whom she admitted "were proceeding [with the agreement] in good faith." Rather, Latshaw faulted the conduct of her own counsel. Latshaw contends that she was the victim of Nygaard's fraud and coercion, as Nygaard, "for her own reasons, misled Latshaw, inducing her to execute an offer of judgment, contrary to her interest, and contrary to the advice of record counsel." Latshaw cited Rule 60(b)(1), (3), and (6), seeking to set aside the judgment based upon, respectively, mistake, fraud, and "any other reason justifying relief." The district court denied Latshaw's requested relief. This appeal followed.

## II.   Discussion

We review the denial of Rule 60(b) motions for an abuse of discretion. *See Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989). Under this standard, we can reverse only if a district court "does not apply the correct law, rests its decision on a clearly erroneous finding of a material fact, or applies the correct legal standard in a manner that results in an abuse of discretion." *Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992).

### A.   *Rule 60(b)(1)*

[1] Rule 60(b)(1) provides, "On motion . . . the court may relieve a party or a party's legal representative from a final

judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Latshaw argues that she is entitled to relief under subsection (b)(1) because, but for two mistaken understandings on her part, she would not have signed the acceptance. These alleged "mistakes," both purportedly originating from Nygaard, were Latshaw's erroneous beliefs (1) that she might be liable for defendants' attorneys' fees if she did not sign the offer of judgment, and (2) that both of her attorneys intended to resign.

The district court denied relief, noting that Latshaw's "decision to execute the acceptance, regardless of whether that decision was founded upon bad advice or misinformation, created a binding contract," and that Rule 60(b)(1) relief is unavailable to parties who simply misunderstand the legal consequences of their deliberate acts.

**[2]** Our court has not yet determined whether such attorney error can provide grounds to vacate a judgment under the mistake ground of Rule 60(b)(1). We have, however, declined similar requests for relief put forth as "excusable neglect," which is another ground to set aside a judgment under subsection (b)(1). *See Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)."); *Engleson*, 972 F.2d at 1043 ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).") (internal quotation marks and citation omitted). We find it proper to extend our refusal to provide relief on account of excusable neglect to the alleged attorney-based mistakes of law at issue here.

**[3]** Other circuits have considered this question and have held likewise. In a case factually similar to ours, the Seventh Circuit considered whether a Rule 68 offer could be rescinded where the defendant's counsel operated under a mistake of

law, incorrectly assuming that costs and fees would be included in the offer amount. *Webb v. James*, 147 F.3d 617 (7th Cir. 1998). The court concluded that the mistake was not excusable under Rule 60(b)(1), holding that the "district court was not obliged to relieve [the defendant] of the burden of a . . . mistake of law regarding the effect of [the governing Supreme Court case] or the attorney's fees provision of the ADA." *Id.* at 622; *see also Acevedo-Garcia v. Vera-Monroig*, 368 F.3d 49, 54 (1st Cir. 2004) (holding that a mistake of law is not a "mistake" for Rule 60(b)(1) purposes); *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (holding "that out-and-out lawyer blunders — the type of action or inaction that leads to successful malpractice suits by the injured client — do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)") (citation and quotation marks omitted); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) ("[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) ("If the mistake alleged is a party's litigation mistake, we have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party."); *United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994) ("When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect.").

**[4]** We agree that Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney miscon-

duct. Such mistakes are more appropriately addressed through malpractice claims. *See also United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211, 214 (9th Cir. 1990).

**[5]** Accordingly, neither of Latshaw's alleged mistakes are among those that Rule 60(b)(1) is intended to remedy. Even if Latshaw genuinely believed that her counsel intended to resign or that she may have been liable for the defendants' attorneys' fees, Latshaw's beliefs do not provide grounds to rescind her acceptance. These mistakes, if true, arose from attorney misconduct. A party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney. Latshaw's decision to accept the offer was deliberate and independent. In such situations, regret caused by new knowledge does not justify rescinding a decision.

Latshaw also contends that her mistaken beliefs entitle her to Rule 60(b)(1) relief because she did not possess sufficient understanding to have ever validly accepted the offer. Latshaw cites a passage from a decision by the Eighth Circuit: "[W]hen considering a Rule 68 offer, the offeree needs to have a clear understanding of the terms of the offer in order to make an informed decision whether to accept it." *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 403 (8th Cir. 1988). This argument lacks merit. Misunderstanding an offer's terms is not the same as misunderstanding factors to be weighed in deciding to accept the offer. Latshaw understood the unambiguous settlement terms — that she would receive $15,000 in exchange for terminating the litigation — when signing the offer of judgment. The district court did not abuse its discretion in denying Latshaw relief under Rule 60(b)(1).

*B.   Rule 60(b)(3)*

**[6]** Rule 60(b)(3) permits relief "from a final judgment . . . for . . . fraud . . . or other misconduct of an adverse party." Citing subsection (b)(3), Latshaw contends that Nygaard com-

mitted two fraudulent acts sufficient to warrant Rule 60(b) relief: (1) Nygaard misinformed Latshaw that she could be liable for the defendants' legal fees, and (2) Nygaard misinformed Latshaw that Harrison intended to resign. Latshaw argues that Nygaard's fraud, in part, induced Latshaw to sign the Rule 68 offer. The district court again denied Latshaw's requested relief, noting that Latshaw "expressly instructed her counsel to file the acceptance," a situation "clearly" not among those meriting relief as fraud.

**[7]** We agree. Even if it is true that Nygaard committed fraud, the district court did not abuse its discretion in concluding that the circumstances failed to warrant Rule 60(b)(3) relief. Subsection (b)(3) permits relief only when the fraud was committed by "an adverse party." *See In re Grantham Bros.*, 922 F.2d 1438, 1442-43 (9th Cir. 1991) (declining to apply Rule 60(b)(3) where fraud was committed by the appellant's clients in part because the rule "is aimed at fraud perpetrated by an adverse party"). Thus, in order to prevail on a Rule 60(b)(3) motion, the defendants must have committed the fraud at issue. Here, however, Nygaard represented Latshaw herself, not an adverse party. Meanwhile, the defendants were innocent bystanders. Since Nygaard's alleged fraud adversely affected only her own client, Latshaw cannot satisfy the express "adverse party" requirement of Rule 60(b)(3).

## C. Rule 60(b)(6)

**[8]** Rule 60(b)(6) provides that, on motion, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason [in addition to those categories specified in Rules 60(b)(1) - (5)] justifying relief from the operation of the judgment." Latshaw argues that we should vacate the Rule 68 judgment pursuant to Rule 60(b)(6) for two reasons, contending that Nygaard's (1) alleged gross negligence, and (2) "fraud on the court" both "justify relief from the operation of the judgment."

The defendants counter that Nygaard's conduct failed to meet the savings clause standard. The district court denied Latshaw's request for relief under 60(b)(6) without reaching its merits.[2] We will address each of Latshaw's two arguments in turn.

**[9]** Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is " 'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.' " *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

**[10]** Relying on our decision in *Tani*, Latshaw first argues that Nygaard's alleged gross negligence constitutes an "extraordinary circumstance" meriting relief under Rule 60(b)(6). In *Tani*, we held that the plaintiff was entitled to Rule 60(b)(6) relief from a default judgment on account of his counsel's gross negligence. There, the attorney ignored court orders, neglected motions, missed hearings and other court appearances, failed to file pleadings or serve them on opposing counsel, and otherwise "virtually abandoned his client by failing to proceed with his client's defense despite [repeated] court orders to do so," comprehensively amounting to "the

---

[2]The district court declined to consider Latshaw's Rule 60(b)(6) motion because Latshaw "failed to raise and argue her claim under Rule 60(b)(6) in her moving papers." Latshaw argues that she discussed her subsection (b)(6) claim sufficiently to warrant consideration. Since we conclude that Latshaw is ineligible for Rule 60(b)(6) relief on the claim's merits, we need not determine whether the district court abused its discretion in refusing to consider the claim.

client's receiving practically no representation at all." *Id.* at 1170-71. Pursuant to *Tani*, in the context of default judgments, we now distinguish between "a client's accountability for his counsel's neglectful or negligent acts[, which does not merit Rule 60(b)(6) relief,] and his responsibility for the more unusual circumstance of his attorney's extreme negligence or egregious conduct[, which does]." *Id.* at 1168.

Latshaw's analogy between her factual circumstances and those in *Tani*, however, is without merit. Our decision in *Tani* was explicitly premised upon the default judgment context of the case. *Id.* at 1169 (concluding that "where [a] client has demonstrated gross negligence on the part of his counsel, a default judgment against the client may be set aside pursuant to Rule 60(b)(6)," and, continuing, "[o]ur holding is consistent with the well-established policy considerations that we have recognized as underlying default judgments and Rule 60(b)"); *see Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (noting that Rule 60(b), as applied to default judgments, is "remedial in nature and . . . must be liberally applied. [Default judgments are] appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."); *see also TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 699 (9th Cir. 2001).

**[11]** Latshaw argues that Rule 68 judgments should be treated like default judgments, and that we should similarly act "liberally" to reverse a Rule 68 acceptance and allow full litigation on the merits. We disagree. Rule 68 judgments and default judgments are quite different. Default judgments are disfavored and appropriate only in unique circumstances. *Falk*, 739 F.2d at 463. Rule 68 offers and acceptances, however, are actively supported by courts. Indeed, the very purpose of Rule 68 is to encourage termination of litigation. *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 860 (9th Cir. 1996). We decline to extend the holding of *Tani* to the context of Rule 68 judgments and therefore conclude that

Nygaard's alleged gross negligence does not provide grounds to vacate the judgment under Rule 60(b)(6).

**[12]** Second, Latshaw argues that the Rule 68 judgment should be set aside on account of Nygaard's alleged forgery of Harrison's signature on the acceptance of the offer, which was then submitted to the court. Acts of "fraud on the court" can sometimes constitute extraordinary circumstances meriting relief under Rule 60(b)(6). *See In re Intermagnetics America, Inc.*, 926 F.2d 912, 916-17 (9th Cir. 1991). Such fraud on the court "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Alexander v. Robertson,* 882 F.2d 421, 424 (9th Cir. 1989) (quoting 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.33, at 515 (2d ed. 1978)).

Liberal application is not encouraged, as fraud on the court "should be read narrowly, in the interest of preserving the finality of judgments." *Toscano v. Comm'r*, 441 F.2d 930, 934 (9th Cir. 1971). Our court places a high burden on a plaintiff seeking relief from a judgment based on fraud on the court. For example, in order to provide grounds for relief, the fraud must "involve an 'unconscionable plan or scheme which is designed to improperly influence the court in its decision.' " *Abatti v. Comm'r*, 859 F.2d 115, 118 (9th Cir. 1988) (quoting *Toscano*, 441 F.2d at 934).

**[13]** Even though it may have been fraud to forge a signature and the fraud may have reached the court, Nygaard's alleged conduct falls far short of "defiling the court itself" and hardly resembles an "unconscionable plan or scheme which is designed to improperly influence the court in its decision." While Latshaw is left with a Rule 68 judgment with which she is unhappy, the integrity of the judicial process has not been impaired. We find it significant that vacating the judg-

ment would in fact " 'punish' parties who are in no way responsible for the 'fraud.' " *See Alexander*, 882 F.2d at 425. The district court did not abuse its discretion in denying relief for fraud on the court under Rule 60(b)(6).

**[14]** Latshaw knowingly and voluntarily signed the Rule 68 acceptance. Though Latshaw's decision may have been driven by inept or erroneous advice or conduct of her counsel, neither the alleged negligence at issue nor the purported fraud on the court fall among those exceptional circumstances meriting Rule 60(b)(6) relief.

## III.   Conclusion

**[15]** The district court did not abuse its discretion in denying Latshaw relief under Rule 60(b) from the judgment that resulted from her acceptance of the Rule 68 offer of judgment.

**AFFIRMED**.