**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANITA B. CARR, | No. 09-15738 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-03190-THE |
| v. |  |
| LIBERTY LIFE ASSURANCE COMPANY, a Massachusetts Corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. |  |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Anita B. Carr appeals pro se from the district court's judgment compelling

binding arbitration, confirming the arbitration award, and denying leave to file a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

second amended complaint in her disability benefits suit under the Employment Retirement Income Security Act ("ERISA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the confirmation of an arbitration award, *Poweragent, Inc. v. Elec. Data Sys.*, 358 F.3d 1187, 1193 (9th Cir. 2004), and for an abuse of discretion the denial of leave to amend, *Caswell v. Calderon,* 363 F.3d 832, 836 (9th Cir. 2004). We affirm in part and dismiss in part.

We dismiss as untimely Carr's appeal of the district court's January 10 and June 22, 2006 orders compelling binding arbitration and dismissing the case. *See* Fed. R. App. P. 4(a)(1)(A) (providing 180 days to appeal from final order on which no judgment is entered).

The district court properly confirmed the arbitration award because, after consenting to and moving to compel binding arbitration, Carr was judicially estopped from objecting to the award on the ground that the arbitration was not binding on her under ERISA regulations. *See Poweragent, Inc.*, 358 F.3d at 1192-93 (party on whose consent to arbitrator's authority the court relied is judicially estopped from gaining unfair advantage by asserting clearly inconsistent position).

The district court did not abuse its discretion in denying Carr leave to file a second amended complaint on grounds that it would be futile to reopen her case.

09-15738

*See Caswell*, 363 F.3d at 837 (no abuse of discretion in denying leave to add futile equal protection claim).

The district court also did not abuse its discretion in denying Carr's post-judgment motions for reconsideration, to set aside the judgment, to vacate the award, or for discovery because she failed to establish any ground to warrant such relief. *See* 9 U.S.C. §§ 10-12 (Federal Arbitration Act provisions allowing limited judicial review of arbitral awards); *Latshaw v. Trainer*, 452 F.3d 1097, 1102-03 (9th Cir. 2006) (neither party's mistaken beliefs nor her attorney's alleged malpractice warrants reconsideration of judgment or similar relief under Federal Rule of Civil Procedure 60(b)); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (no abuse of discretion in denying discovery).

Carr's request for entry of default is denied but her requests for judicial notice are granted. Carr's remaining contentions are unpersuasive, and we do not consider issues raised for the first time on appeal. *See Foti v. City of Menlo Park*, 146 F.3d 629, 238 (9th Cir. 1998).

**AFFIRMED in part; DISMISSED in part**.

09-15738