**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMMIE HENDERSON, | No. 10-16998 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02090-NVW |
| v. | |
| YARD HOUSE GLENDALE, LLC, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted October 25, 2011[**]

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

Tommie Henderson appeals pro se from the district court's judgment in his

action alleging race and age discrimination. We have jurisdiction under 28 U.S.C.

§ 1291. We review for an abuse of discretion the district court's enforcement of a

settlement agreement. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2002).  We affirm.

The district court did not abuse its discretion in enforcing the settlement agreement after Henderson entered into it on the record in open court, but later refused to execute a formal agreement to dismiss the action and failed to file a timely response to defendant's motion to enforce the settlement agreement. *See id.* at 1137-38, 1140 (district court did not abuse its discretion in concluding plaintiff's assent in open court constituted a binding agreement to settle); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it.").

The district court also did not abuse its discretion in denying Henderson's motion to set aside the order enforcing the settlement agreement. *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006) (a denial of a Rule 60(b) motion is reviewed for an abuse of discretion and can be reversed only if the district court "does not apply the correct law, rests its decision on a clearly erroneous finding of a material fact, or applies the correct legal standard in a manner that results in an abuse of discretion." (citation and internal quotation marks omitted)).

Finally, the district court did not abuse its discretion in granting defendant's

motion for sanctions and attorney's fees based on Henderson's failure to comply with the settlement agreement. *See Doi*, 276 F.3d at 1140 (reviewing for an abuse of discretion and affirming order granting sanctions where district court did not err in enforcing settlement agreement).

Henderson's remaining contentions, including that the settlement judge coerced his agreement, are unpersuasive.

**AFFIRMED.**

10-16998