FILED

**NOT FOR PUBLICATION**

JUL 31 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ORVILLE MEAUX,

              Plaintiff - Appellant,

  v.

NORTHWEST AIRLINES, INC., a
Delaware corporation and ASSOCIATION
OF FLIGHT ATTENDANTS-
COMMUNICATIONS WORKERS OF
AMERICA,

              Defendants - Appellees.

No. 11-15480

D.C. No. 4:04-cv-04444-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Argued and Submitted July 19, 2012
San Francisco, California

Before: TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Plaintiff-Appellant Orville Meaux appeals the district court's denial of his request for a continuance brought pursuant to former Rule 56(f)[1] of the Federal Rules of Civil Procedure and its denial of his motion to vacate the judgment brought pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Both of these rulings are reviewed for an abuse of discretion. *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002) (Rule 56(f)); *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1167 n.7 (9th Cir. 2002) (Rule 60(b)(6)). He also appeals the district court's grant of summary judgment to Defendant-Appellee Northwest Airlines ("NWA") on Meaux's claim for discriminatory termination,[2] which we review de novo. *Russell Country Sportsmen v. U.S. Forest Serv.*, 668 F.3d 1037, 1041 (9th Cir. 2011). Because the procedural and factual history of this case is familiar to the parties, we recount it only to the extent necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[1] When the district court decided this case, Rule 56(f) governed continuances on motions for summary judgment. Effective December 1, 2010, the rules were amended so that former Rule 56(f) now appears as Rule 56(d). *See Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 n.8 (9th Cir. 2011) (noting this change).

[2] At oral argument, Meaux's attorney stated that he did not intend to bring such a claim. Nonetheless, we construe Meaux's opening brief as having successfully appealed the district court's discriminatory termination ruling.

"Under [Rule] 56(f), a trial court may order a continuance on a motion for summary judgment if the party requesting a continuance submits affidavits showing that, without Rule 56 assistance, it cannot present facts necessary to justify its claims." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Relief may be denied, however, where the moving party has not acted diligently in pursing discovery before summary judgment. *Id.* at 828. Because the record shows Meaux did not diligently conduct discovery, the district court did not abuse its discretion in denying his Rule 56(f) motion. Additionally, contrary to Meaux's suggestion, the district court's decision not to explain why it denied his request is not dispositive; this Court may affirm on any basis supported by the record. *See, e.g.*, *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

Next, we affirm the district court's grant of summary judgment to NWA on Meaux's discriminatory termination claim. NWA claims that it terminated Meaux because Meaux wrote an inappropriate letter to the employer of a passenger who complained to NWA about Meaux's treatment of him during a trans-Pacific flight. Meaux has not adduced sufficient evidence to create a disputed issue of material fact as to pretext. *See Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

Finally, we affirm the district court's denial of Meaux's Rule 60(b)(6) motion, which sought to vacate the judgment and reinstate Meaux's claim against NWA for discriminatory demotion. The district court did not clearly err by declining to find that Meaux's counsel acted with gross negligence, as counsel's representation did not amount to a virtual abandonment of Meaux's interests. *See Tani*, 282 F.3d at 1170–71. Even if counsel's conduct was grossly negligent, the district court did not abuse its discretion in concluding that a voluntary dismissal cannot support the grant of a Rule 60(b)(6) motion. *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

**AFFIRMED**.