**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT GANT; BETTY GANT, | No. 11-15218 |
| Plaintiffs - Appellants, | D.C. No. 2:03-cv-02077-EHC |
| v. | |
| ROGER VANDERPOOL, Sheriff of Pinal County; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Robert Gant appeals pro se from the district court's order denying his

motion to reconsider the jury verdict for defendants in his employment action

alleging that he was improperly terminated from his position as an officer with the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Gant's request for oral argument is denied.

Pinal County Sheriff's Office. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006). We affirm.

To the extent that Gant's motion for reconsideration was based on newly discovered evidence or fraud, the motion was untimely as it was filed over two years after entry of judgment. *See Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088 (9th Cir. 2001) (motion for relief from judgment based on newly discovered evidence or fraud must be brought within one year of the judgment being attacked). Gant cannot avoid the time bar as to these bases for reconsideration by invoking Fed. R. Civ. P. 60(b)(6) because a Rule 60(b)(6) motion "must be for some reason other than the five reasons preceding it under the rule." *Id.* at 1088-89 (citation and internal quotation marks omitted). To the extent that the motion was properly brought under Rule 60(b)(6), the district court did not abuse its discretion in denying it because Gant failed to establish "manifest injustice" to warrant relief from judgment. *Latshaw*, 452 F.3d at 1103 (explaining that Fed. R. Civ. P. 60(b)(6) "is used sparingly as an equitable remedy to prevent manifest injustice" (citation and internal quotation marks omitted)).

Defendants' pending motions to strike are denied.

**AFFIRMED.**

2                                                                11-15218