**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: THOMAS F. WHITE, | No. 13-73079 |
| ESTATE FOR THOMAS F. WHITE, | D.C. No. 3:03-cv-04035-CRB |
| Petitioner, | |
| v. | MEMORANDUM[*] |
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO, | |
| Respondent, | |
| JOSE ROE, I-IV, minors, by James M. Wagstaffe, their Guardian ad Litem; CARLOS ROE, I-XVIII, | |
| Real Parties in Interest. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted March 11, 2014
San Francisco, California

Before: THOMAS, FISHER and BERZON, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The Estate of Thomas F. White (the White Estate) seeks a "writ of mandate and/or prohibition, and request for emergency stay" directing the district court to vacate its order denying White's motion to stay payments from the trust fund established in this case and to enter a new order granting his motion.[1] The White Estate further requests a companion writ staying further payments from the trust pending completion of post-judgment discovery and adjudication of its motion to vacate the underlying judgment.

The White Estate fails to demonstrate that the district court clearly erred by denying the motion for a stay of payments, and therefore the extraordinary remedy of mandamus is unwarranted. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1146 (9th Cir. 2005) (holding that the absence of clear error is dispositive). In light of the investigation and reports from Special Master Garcia and Trustee Smith, the district court did not clearly err by concluding that the White Estate's new submissions were not convincing evidence of "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097,

---

[1] After this petition was filed, Thomas White died, and the Estate of Thomas F. White was substituted in his place. For ease of reference, we refer to the White Estate throughout this order.

1104 (9th Cir. 2006) (quoting *Abatti v. Comm'r*, 859 F.2d 115, 118 (9th Cir. 1988)) (internal quotation marks omitted). Moreover, the district court acted within its discretion in finding that the potential harm to the plaintiffs that would result from staying further payments outweighs the potential harm to the White Estate of maintaining the current distribution schedule.

Even assuming clear error, mandamus is inappropriate because the district court's decision to deny a stay does not present an "oft repeated error or manifest[] a persistent disregard of the federal rules," nor does it "raise[] new and important problems or issues of first impression." *Perry v. Schwarzenegger*, 591 F.3d 1126, 1136 (9th Cir. 2009) (citing *Bauman v. United States District Court*, 557 F.2d 650, 654-55 (9th Cir. 1977)).

The White Estate's remaining contentions are without merit.

**PETITION DENIED.**