**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN G. BRANCA, Special Administrator of the Estate of Michael J. Jackson; et al., <br><br>       Plaintiffs-counter-defendants - Appellees, <br><br>   v. <br><br> HEAL THE WORLD FOUNDATION, a California corporation and UNITED FLEET, a California corporation, <br><br>       Defendants-counter-claimants - Appellants. | No. 11-56926 <br><br> D.C. No. 2:09-cv-07084-DMG-PLA <br><br><br> MEMORANDUM[*] |
| JOHN G. BRANCA, Special Administrator of the Estate of Michael J. Jackson; et al., <br><br>       Plaintiffs-counter-defendants - Appellees, <br><br>   v. <br><br> HEAL THE WORLD FOUNDATION, a California corporation and UNITED | No. 11-57048 <br><br> D.C. No. 2:09-cv-07084-DMG-PLA |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted March 5, 2014
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Defendants Heal the World Foundation and United Fleet appeal the district court's denial of Defendants' motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from the judgment entered against them. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not abuse its discretion when it denied Defendants' Rule 60(b) motion. *See United States v. Chapman*, 642 F.3d 1236, 1240 (9th Cir. 2011). First, the district court did not abuse its discretion in concluding that no relief was warranted under Rule 60(b)(2) because the purported new evidence was discovered prior to the entry of judgment. *See Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). Second, the district court did not abuse its discretion in denying relief under Rule 60(b)(4) because the district court's amended judgment only bound Melissa Johnson in her official capacity as

an officer of Defendants. *See* Fed. R. Civ. P. 65(d)(2); *N.L.R.B. v. Sequoia Dist. Council of Carpenters, AFL-CIO*, 568 F.2d 628, 633–34 (9th Cir. 1977). Finally, the district court did not abuse its discretion under Rule 60(b)(6) because, notwithstanding any representations by Defendants' attorney that the Settlement Agreement that Johnson signed was non-binding, the agreement was only 6 pages long and was expressly labeled as "binding," "final," and "enforceable." Thus, enforcement of the agreement was not manifestly unjust. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

**2.** Because we conclude that relief from the Settlement Agreement and resulting judgment is not warranted under Rule 60(b), we need not resolve Defendants' other arguments regarding whether the district court properly (1) dismissed Defendants' counterclaims, and (2) entered a preliminary injunction against Defendants. *See Slaven v. Am. Trading Transp. Co., Inc.*, 146 F.3d 1066, 1070 (9th Cir. 1998).

**AFFIRMED.**