
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: FRUEHAUF TRAILER CORPORATION, | No. 13-55559 |
| Debtor, | D.C. No. 2:11-cv-09218-DDP |
| DANIEL W. HARROW, as Successor Trustee of THE END OF THE ROAD TRUST and AMERICAN TRAILER INDUSTRIES, INC., | MEMORANDUM* |
| Plaintiffs - Appellees, | |
| v. | |
| CHRISS W. STREET, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted April 9, 2015
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BENAVIDES,<sup>**</sup> TASHIMA, and CLIFTON, Circuit Judges.

Defendant Chriss Street appeals the decision of the district court affirming the bankruptcy court's denial of his motion for relief from judgment under Fed. R. Civ. P. 60(b). We affirm the denial of the Rule 60(b) motion.

We agree with the district court that the bankruptcy court did not abuse its discretion in denying Street's motion. There was no default judgment here, nor was judgment entered against Street because his attorney failed to comply with rules or respond to a court order. Judgment was entered after a full trial on the merits, at which Street was present and in which he participated. That circumstance was significantly different from the situations presented in the cases cited by Street, notably *Community Dental Services v. Tani*, 282 F.3d 1164 (9th Cir. 2002), and *Lal v. California*, 610 F.3d 518 (9th Cir. 2010). Counsel might not have performed as Street might have preferred, but he did not abandon Street.

Nor has Street demonstrated that a different result would have been achieved except for counsel's allegedly deficient performance. "Judgments are not often set aside under Rule 60(b)(6)." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d

---

** The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

2

1097, 1103 (9th Cir. 2006). The bankruptcy court did not abuse its discretion by determining that the judgment in this case should not be set aside.

Because we affirm on the merits, we do not need to consider the alternative grounds identified by the district court.

**AFFIRMED.**