**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | No. 14-16733 |
| Plaintiff-Appellee, | D.C. No. CV13-00486 SOM-KSC |
| v. | MEMORANDUM[*] |
| TROY LYNDON, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted March 12, 2018[**]

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Plaintiff, the United States Securities and Exchange Commission ("SEC"),

sued Defendant Troy Lyndon for violating the securities laws. Lyndon entered into

a consent agreement with the SEC in which he neither admitted nor denied the

SEC's allegations. Per the agreement, the district court entered judgment against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Lyndon in November 2013, but it left for a later date the determination of the amount of disgorgement and civil penalties that Lyndon should pay in a final judgment. In August 2014, the district court ordered Lyndon to disgorge $3,251,169 in ill-gotten gains (plus prejudgment interest) and pay a $150,000 civil penalty. On appeal, Lyndon challenges the district court's calculation of the disgorgement and penalty. He also argues that the district court erred in denying his discovery motions and his Rule 60(b)(1) motion for relief from the first judgment. We affirm.

1. The district court did not abuse its discretion in ordering Lyndon to disgorge $3,251,169 in ill-gotten gains. *See SEC v. Platforms Wireless Intern. Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010) ("We review orders of disgorgement for an abuse of discretion."). "A district court has broad equity powers to order the disgorgement of ill-gotten gains obtained through the violation of the securities laws. . . . The amount of disgorgement should include all gains flowing from the illegal activities. Disgorgement need be only a reasonable approximation of profits causally connected to the violation." *Id.* Here, the district court relied on the allegations in the consent judgment—allegations that Lyndon agreed would be deemed as true for purposes of calculating the amount of disgorgement—to conclude that the SEC met its initial burden to demonstrate that the amount sought "reasonably approximates the amount of unjust enrichment." This initial

2

determination shifted the burden to Lyndon to show that the amount sought was not a "reasonable approximation" of his illicit gains. Lyndon failed to satisfy this burden.

2. The district court's decision to impose a $150,000 civil penalty was well within its discretion. Accepting the allegations in the complaint as true, the court found that, "[o]ver a lengthy period of time, Lyndon perpetrated a fraud that caused people . . . to invest about $4.6 million in a company that was not financially solvent. . . . The $150,000 amount represents a small fraction of the money involved in the fraudulent scheme." Given that finding, a $150,000 penalty was within the court's discretion. *See* 15 U.S.C. § 78u(d)(3)(B)(iii) (allowing for a penalty that "shall not exceed the greater of" a $150,000-per-violation cap or "the gross amount of pecuniary gain . . . result[ing] [from] the violation").

3. Any error in the district court's discovery rulings could not have prejudiced Lyndon, because the district court relied on facts admitted to be true in the consent judgment to determine the amount of disgorgement. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (stating that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (quotation, citation, and alteration omitted)).

4. We construe Lyndon's challenge to the *first* judgment as an appeal of the

district court's denial of his Rule 60(b) motion for relief from that judgment.[1]

Reviewing for abuse of discretion, *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006), we conclude that the district court did not abuse its discretion in rejecting Lyndon's unconvincing argument that he did not understand the meaning of the consent agreement when he signed it. Moreover, even if Lyndon was mistaken about the legal effect of the consent agreement, his "mistake" was not of the type that would entitle him to relief under Rule 60(b)(1). *See id.* at 1101 ("For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel."). Lyndon's new argument—essentially, that he should be released from the consent agreement because of the SEC's alleged discovery abuses—is unpersuasive, because it relies on the erroneous premise that the discovery Lyndon sought was highly relevant to the district court's calculation of the disgorgement and penalty.[2]

**AFFIRMED.**

---

[1] To the extent that Lyndon *directly* challenges the first judgment, that challenge is foreclosed by the appeal waiver in the consent agreement.

[2] Lyndon also argues that the district court erred when it declined to indicate that it would entertain a new Rule 60(b) motion were this case remanded for such a purpose. We lack jurisdiction to review that order. *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007).

4