**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIE SALES, individually and on behalf of the Estate of Paul J. Quintanar,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>CITY OF TUSTIN; et al.,<br><br>          Defendants-Appellees. | No. 17-55479<br><br>D.C. No.<br>8:12-cv-01834-CJC-MLG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted October 10, 2018**
Pasadena, California

Before: HURWITZ and OWENS, Circuit Judges, and PRESNELL,*** District
Judge.

Marie Sales appeals from the district court's denial of her motion to vacate

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

the judgment under Federal Rule of Civil Procedure 60(b)(6).  Sales brought state law wrongful death and 42 U.S.C. § 1983 claims against the City of Tustin, Chief of Police Scott Jordan, and three individual officers.  As the parties are familiar with the facts, we do not recount them here.  We review a district court's denial of a Rule 60(b) motion for abuse of discretion.  *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006).  We affirm.

Sales argues that the judgment should be vacated because (1) the district court improperly declined to exercise supplemental jurisdiction over her state law wrongful death claim after the dismissal of her federal claims; and (2) newly discovered evidence warrants reopening her previously dismissed § 1983 claims against the City of Tustin and Chief Jordan.

Sales did not appeal the underlying judgment within the thirty days required by Federal Rule of Appellate Procedure 4(a)(1)(A).  Nor did she toll the time to appeal the underlying judgment by properly filing her Rule 60(b) motion within twenty-eight days.  *See* Fed. R. App. P. 4(a)(4)(A)(vi).  We thus lack jurisdiction to review the underlying judgment, *see Lal v. California*, 610 F.3d 518, 523-24 (9th Cir. 2010), and our review is restricted to the denial of Sales' motion to vacate.

"A party seeking to re-open a case under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.'"

*Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (citation omitted). "Rule 60(b)(6)'s catch-all provision . . . 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Fantasyland Video, Inc. v. Cty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (citation omitted).

Here, Sales offers no explanation of any circumstances preventing her from taking timely corrective action earlier in the litigation. Nothing in the record contradicts the conclusion that Sales had numerous opportunities to both seek to reinstate her dismissed § 1983 claims against the City of Tustin and Chief Jordan and advocate for retention of supplemental jurisdiction over her wrongful death claim. *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) ("[R]elief may not be had" under Rule 60(b)(6) "where 'the party seeking reconsideration has ignored normal legal recourses.'" (citation omitted)). Because she has not "demonstrate[d] . . . circumstances beyond [her] control that prevented [her] from proceeding with the prosecution . . . of the action in a proper fashion," Sales has failed to meet her burden to show that she is entitled to Rule 60(b)(6) relief. *Delay*, 475 F.3d at 1044. The district court thus did not abuse its discretion in denying Sales' motion to vacate.

**AFFIRMED**.[1]

---

[1] Sales' opposed motions to take judicial notice (Dkt. Nos. 28, 32) are denied.