**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAN LEE, an individual, | No. 20-17003 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00118-JAM-EFB |
| v. | |
| CITY OF SACRAMENTO, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted October 19, 2021**
San Francisco, California

Before: GOULD and BEA, Circuit Judges, and VITALIANO,*** District Judge.

Appellant Ivan Lee, a street construction laborer for the City of Sacramento,

filed a complaint in the United States District Court for the Eastern District of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

California alleging that his employer had racially discriminated and retaliated against him in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, and state law. Days after settling his claims through the mediation of a magistrate judge, Lee moved, pursuant to Federal Rule of Civil Procedure Rule 60(b)(1), to vacate the settlement agreement, while the City cross-moved to enforce it. The district court denied Lee's motion and granted the City's cross-motion. We have jurisdiction over Lee's appeal pursuant to 28 U.S.C. § 1291, we review for abuse of discretion, and we affirm.

The central question presented by this appeal is whether an oral exchange of claim release and dismissal for a lump sum of money in open court created, as the district court found, an enforceable contract. Nothing in either law or rule requires that the agreement be reduced to writing. It is required, however, that the binding terms of the agreement be complete and that they have the assent of the settling parties. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1137 (9th Cir. 2002). Here, the agreement by the parties in open court was as complete as the law requires.

2

There is, likewise, no shortage of record support showing that Lee and his counsel consented to the settlement agreement. A district court applies California law in determining whether a legally enforceable settlement agreement was reached, even where the underlying cause of action arises under federal law. *See Jeff D. v.* Andrus, 889 F.2d 753, 759 (9th Cir. 1989). Though it is true that the magistrate judge did not ask Lee to ratify the settlement with a 'yes,' California law does not prescribe the form in which a party's consent must be expressed. Rather, "[t]he test is whether a reasonable person would, from the conduct of the parties, conclude that there was a mutual agreement." *Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc.*, 89 Cal. App. 4th 1042, 1050 (2001).

The settlement agreement Lee seeks to set aside was the product of lengthy and intense mediation by the magistrate judge. Lee was present with his counsel the entire time, both during the off-the-record negotiations and when the terms of the agreement were outlined in open court and counsel advised of the parties' consent to the agreement. It was at that time that the magistrate judge expressed to

3

Lee that the settlement fairly and adequately resolved the case, and Lee personally thanked the magistrate judge for helping to bring about the agreement.

The record developed on Lee's motion to set aside the agreement, which was referred to the same magistrate judge who had mediated the settlement, only fortifies the conclusion that the district court's determination that Lee had assented to the agreement, and that the agreement should be enforced rather than set aside, was reasonable and not an abuse of discretion. Indeed, notwithstanding his contrary claims made now, during the colloquy with the magistrate judge on his Rule 60(b)(1) motion, Lee did not dispute that he was present and participating in the mediation and had raised no objection in open court when the terms of the agreement were outlined and the consent of the parties entered on the record.

In essence, Lee's argument before the magistrate judge was that he had made a mistake, due to poor advice from counsel, by assenting to the agreement. Yet Rule 60(b)(1) is not intended to provide relief from an otherwise enforceable settlement agreement or "to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret," even if it is "a poor litigation

decision made because of inaccurate information or advice" from an attorney.

*Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1109–1101 (9th Cir. 2006).

Although Lee regrets the settlement reached in his case, he makes no showing that, at the time of his assent to it, he was not informed of its terms or that his agreement was unintentional or involuntary. Since the recommendation of the magistrate judge that Lee's motion to vacate the settlement agreement be denied, and the City's motion to enforce it granted, was well-supported by the record, the district court's adoption of that recommendation was not an abuse of discretion.

**AFFIRMED.**