NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIN SOOK SHIN, Individually and On
Behalf of All Others Similarly Situated,

Plaintiff - Appellant,

v.

UMEKEN USA INC; BRIAN
HAN; DOES, 1 through 10,

Defendants - Appellees.

No. 24-2848

D.C. No.
8:17-cv-00315-CJC-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, Senior District Judge, Presiding

Submitted February 3, 2025[**]
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Plaintiff-Appellant Min Sook Shin ("Shin") appeals the district court's

denial of her motion to reopen her case under Federal Rule of Civil Procedure

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

60(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Shin filed this putative class action in February 2017, alleging various state and federal claims against Defendant-Appellee Umeken USA for false advertising. After twice dismissing Shin's complaint with leave to amend, the district court dismissed her suit with prejudice on October 26, 2017. In June 2019, we affirmed the dismissal in a memorandum disposition. *See Min Sook Shin v. Umeken USA, Inc.*, 773 F. App'x 373 (9th Cir. 2019).

In February 2024, Shin filed a Rule 60(b)(6) motion, seeking to reopen her case to seek attorney's fees under Cal. Civ. Proc. Code § 1021.5. Shin contended that she is entitled to her attorney's fees as a "successful party" because she discovered in September 2023 that Umeken had removed the alleged statements at issue in her original complaint from its website. Shin argued that her lawsuit— dismissed three times several years ago—was the "catalyst" for Umeken's removal of the allegedly false statements from its website. *See Dep't of Water Res. Env't Impact Cases*, 79 Cal. App. 5th 556, 571-72 (2022).

1. The district court did not abuse its discretion in treating Shin's Rule 60(b)(6) motion as untimely. Shin asserted that she discovered the website changes in September 2023 but provided no explanation of why she delayed filing the motion for seven months thereafter. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time.").

2.     Nor did the district court abuse its discretion by finding that Shin failed to show the "extraordinary circumstances" required for relief under Rule 60(b)(6). That "Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citations and quotations omitted). Shin does not seek to correct the district court's judgment; rather, she seeks only attorney's fees. *See Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989) ("[P]urported deficiencies in the amount of and procedures for attorneys fee awards clearly do not constitute a circumstance of hardship that cries out for the unusual remedy of the reopening of a final judgment under Rule 60(b)(6).") (citation omitted). Moreover, the premise of Shin's claim to these fees—that her thrice-dismissed suit was the basis for Umeken's actions seven years later—is, as the district court concluded, "unreasonable." *See Dep't of Water Res. Env't Impact Cases*, 79 Cal. App. 5th at 572 (2022) (explaining that "when a plaintiff seeks fees under a catalyst theory, courts generally must . . . decide whether the lawsuit was a material factor or contributed in a significant way to those results").

**Affirmed.**