NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAGE ANTONY STELLAR, FKA Anthony Charles Hall,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>MOHAVE COUNTY SHERIFF'S DEPARTMENT; UNKNOWN RIDER, AKA Patrick Rider, Deputy P-30, Mohave County Sheriff's Department; KINGMAN POLICE DEPARTMENT; MOHAVE COUNTY DETENTION CENTER, Medical Department; LANE BROCK, Kingman Police Officer A171; REESE JONES, Kingman Police Officer A165; UNKNOWN PARTIES, Medical Department, Medical Staff, Nurses, Doctors; MOHAVE COUNTY ADULT DETENTION FACILITY, named as: M.C.A.D.F.; CORRECT CARE MEDICAL,<br><br>　　　　Defendants - Appellees. | No. 23-1967<br><br>D.C. No.<br>3:21-cv-08199-GMS-DMF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted January 30, 2026[]

Before: BENNETT, BADE, and SUNG, Circuit Judges.

Sage Antony Stellar, formerly known as Anthony Charles Hall, appeals the district court's grant of summary judgment in favor of Defendants on Stellar's excessive force claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Stellar argues that the grant of summary judgment was erroneous because the district court relied upon "fraudulent" evidence, principally the Axon bodycam footage depicting Stellar's arrest on January 8, 2021. As an initial matter, we reject Defendants' argument that Stellar forfeited his assertion of fraud. Stellar raised this argument before the district court, albeit belatedly, with the explanation that he had "only recently been able to view the video." Moreover, "the inherent power of federal courts includes, *inter alia*, the power to vacate judgments on proof that a fraud upon the court has been committed." *In re Levander*, 180 F.3d 1114, 1118 (9th Cir. 1999); *see also United States v. Shotwell Mfg. Co.*, 355 U.S. 233, 240–43 (1957) (remanding because the government's "newly discovered evidence" made a "convincing showing" that the lower court's decision "was obtained by the respondents on a corrupt record attributable to their own fraud").

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"We exercise the power to vacate judgments for fraud on the court 'with restraint and discretion,' and only when the fraud is established 'by clear and convincing evidence.'" *United States v. Estate of Stonehill*, 660 F.3d 415, 443–44 (9th Cir. 2011) (first quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); then quoting *England v. Doyle*, 281 F.2d 304, 310 (9th Cir. 1960)). "Liberal application is not encouraged, as fraud on the court 'should be read narrowly, in the interest of preserving the finality of judgments.'" *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006) (quoting *Toscano v. Comm'r*, 441 F.2d 930, 934 (9th Cir. 1971)). Therefore, "it bears emphasizing that a party seeking to establish fraud on the court must meet a high standard." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1132 (9th Cir. 2022).

Stellar asserts that he is not the man depicted in the bodycam footage and notes that the man depicted in the footage does not have Stellar's distinctive tiger-stripe leg tattoo. In support of this assertion, he submits two photos allegedly depicting his leg with this tattoo present, the first supposedly taken on January 9, 2021, a day after his arrest, and the second supposedly taken on December 22, 2023.

Stellar's evidence does not meet the "high standard" of "clear and convincing evidence" required to demonstrate fraud for several reasons. *See Trendsettah*, 31 F.4th at 1132; *Estate of Stonehill*, 660 F.3d at 443. First, Stellar

has submitted no evidence corroborating the dates which he ascribes to the photos or otherwise indicating when he acquired the alleged tattoo. Second, it is not clear that the photographs portray a tattoo, as opposed to a drawing on the surface of the skin. Third, the footage depicts events that align exactly with Stellar's description of the arrest in his original complaint, and Stellar's first amended complaint references "the video" as being an accurate representation of the events underlying his claim. Finally, Stellar's theory of how the video was fabricated is not plausible. It is not reasonable for the court to infer, on the basis of Stellar's undatable photographs, that Defendants concocted a plan to fabricate bodycam footage to defeat Stellar's excessive force claim, managed to find an actor who looks very similar to Stellar in face and build, dressed him in shorts, and neglected to give that actor a fake leg tattoo to match Stellar's. Accordingly, Stellar's evidence of fraud is not sufficiently clear and convincing to justify vacating the judgment below.

2. Stellar does not advance any other argument in favor of reversal, and the district court did not plainly err in granting summary judgment against Stellar. Given that (1) Stellar was suspected of stabbing his roommate; (2) Deputy Rider was alone with Stellar; and (3) Stellar had engaged in behavior during arrest that was objectively uncooperative, evasive, and antagonistic, Deputy Rider used a reasonable amount of force to subdue Stellar until other officers could assist him in

bringing Stellar into the station. *See Bernal v. Sacramento Cnty. Sheriff's Dep't*, 73 F.4th 678, 691–93 (9th Cir. 2023).

   **AFFIRMED.**[1]

---

   [1] All pending motions are denied as moot.