**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JAIME LEDESMA ZEPEDA, | No. 12-15732 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-01391-LJO-GSA |
| v. | |
| W. J. SULLIVAN, Warden; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted October 15, 2013**

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

Jaime Ledesma Zepeda, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging denial of access to

the courts and unconstitutional conditions of confinement.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915A(a), *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and a determination that a prisoner failed to exhaust administrative remedies under the Prison Litigation Reform Act, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We may affirm on any ground supported by the record. *Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir. 2004). We affirm.

The district court properly dismissed Zepeda's outdoor exercise and winter clothing claims because these claims were based on conduct that occurred prior to the filing of the initial complaint and Zepeda failed to exhaust his administrative remedies before presenting them to the district court. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring dismissal without prejudice where a prisoner "did not exhaust his administrative remedies prior to filing suit"). We reject Zepeda's contentions that he was not required to exhaust because his complaints were "beyond the scope" of the grievance process or had already been grieved by other inmates.

The district court properly dismissed Zepeda's claims related to the provision of soap and lotion because he failed to allege facts in his third amended complaint showing a denial of the minimal civilized measure of life's necessities. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (discussing the objectively "sufficiently serious" requirement for an Eighth Amendment violation).

12-15732

Dismissal of Zepeda's access-to-courts claim was proper because Zepeda failed to state facts sufficient to show active interference or that the prison's policies and practices regarding law library access caused him an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-54 (1996) (setting forth actual injury requirement and explaining that the right of access to the courts is the "right to bring a grievance that the inmate wishe[s] to present" not a right "to litigate effectively once in court").

The district court reasonably construed Zepeda's request for leave to file a fifth amended complaint as a request for reconsideration under Federal Rule of Civil Procedure 60(b) where Zepeda was seeking to reinstate claims that the district court had previously dismissed with prejudice. Moreover, the district court did not abuse its discretion in denying the motion. *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006) (setting forth standard of review).

We reject Zepeda's contention that the district court erred by failing to order service on a Doe defendant.

Zepeda's motion to file an oversized reply brief is granted. Zepeda's opposed motions, filed on June 3, 2013, are denied.

**AFFIRMED.**