**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL S. REYNOLDS, | No. 12-17457 |
| Plaintiff - Appellee, | D.C. No. 3:11-cv-03218-JSW |
| v. | |
| ALTON ANDERSON LOMAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted January 13, 2014[**]
San Francisco, California

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE,[***] Senior District
Judge.

Defendant Alton Anderson Lomas appeals the district court's denial of his

motion for relief from a judgment under Federal Rule of Civil Procedure 60(b).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Raymond J. Dearie, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

Reviewing for abuse of discretion, <u>Casey v. Albertson's Inc.</u>, 362 F.3d 1254, 1257 (9th Cir. 2004), we affirm.

1. The district court did not abuse its discretion when it denied Defendant's motion for relief from a judgment for mistake under Rule 60(b)(1). "[C]ounsel's failure to plead an affirmative defense . . . does not provide a basis for equitable relief under Rule 60(b)(1)." <u>Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn</u>, 139 F.3d 664, 665-66 (9th Cir. 1998). Errors resulting from a lawyer's ignorance, carelessness, or intentional misconduct are not the sort of "mistakes" envisioned by Rule 60(b)(1), but are "more appropriately addressed through malpractice claims." <u>Latshaw v. Trainer Wortham & Co.</u>, 452 F.3d 1097, 1101 (9th Cir. 2006).

2. The district court did not abuse its discretion when it denied Defendant's motion for relief from a judgment for extraordinary circumstances under Rule 60(b)(6). A lawyer's failure to assert a defense "does not . . . constitute such gross negligence or exceptional circumstances so as to justify the extraordinary relief available pursuant to Rule 60(b)[(6)]." <u>Allmerica</u>, 139 F.3d at 666 (internal quotation marks omitted). Furthermore, the failure of Defendant's lawyer to meet the filing deadline for the opposition to the motion to confirm the arbitration award did not deprive Defendant of "the opportunity to present his case on the merits," <u>Cmty. Dental Servs. v. Tani</u>, 282 F.3d 1164, 1172 (9th Cir. 2002), because,

although the court treated the motion to confirm as unopposed, it also considered each of the six defenses that Defendant raised and concluded that, in the alternative, it would confirm the arbitration award on the merits. Finally, taken together, the two errors that Defendant alleges do not constitute "virtual[] abandon[ment]" by Defendant's original counsel or "comprehensively amount[] to . . . practically no representation at all." Latshaw, 452 F.3d at 1103 (internal quotation marks omitted).

3. Because we hold that there was neither mistake as defined by Rule 60(b)(1), nor gross negligence sufficient to sustain a motion for relief under Rule 60(b)(6), we do not reach the merits of the two defenses that were omitted from Defendant's opposition to the motion to confirm. See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 380 (9th Cir. 1997) (per curiam) ("An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." (internal quotation marks omitted)).

**AFFIRMED.**

3