**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KURT JEFFREY ANGELONE, | No. 12-36047 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-05538-RJB |
| v. | |
| MICHAEL FURST, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Washington state prisoner Kurt Jeffrey Angelone appeals pro se from the

district court's order denying Angelone's motions to reconsider the voluntary

dismissal with prejudice of his 42 U.S.C. § 1983 action.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review for an abuse of discretion, *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), and we affirm.

The district court did not abuse its discretion in denying Angelone's motions to reconsider because Angelone failed to establish grounds for such relief under either Federal Rule of Civil Procedure 59(e) or 60(b). *See id.* at 1263 (discussing circumstances warranting reconsideration or relief from judgment under Rule 59(e) and 60(b)); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (explaining that Fed. R. Civ. P. 60(b)(6) "is used sparingly as an equitable remedy to prevent manifest injustice" (citation and internal quotation marks omitted)).

Contrary to Angelone's contentions, the district court did not abuse its discretion in denying Angelone's motions to appoint counsel and medical experts and his motion to compel discovery. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (providing standard of review and describing trial court's broad discretion to deny a motion to compel); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (identifying standard of

review for appointment of an expert under Fed. R. Evid. 706(a)).

We reject Angelone's contention concerning alleged judicial bias.

**AFFIRMED.**

12-36047