**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARY PICKETT,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>NEVADA BOARD OF PAROLE COMMISSIONERS; NEVADA DEPARTMENT OF PUBLIC SAFETY DIVISION OF PAROLE AND PROBATION,<br><br>    Defendants - Appellees. | Nos. 13-17625,<br>   14-15291<br><br>D.C. No. 2:09-cv-01695-PMP-VCF<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted June 14, 2016[**]

Before:  BEA, WATFORD, and FRIEDLAND, Circuit Judges.

 In these consolidated appeals, Nevada state prisoner Cary Pickett appeals

pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging constitutional claims arising out of parole violation hearings.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion the denial of a Fed. R. Civ. P. 60(b) motion.  *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006).  We affirm.

The district court did not abuse its discretion in denying Pickett's Rule 60(b) motion because Pickett did not demonstrate any grounds warranting such relief. *See id.* at 1100-04 (discussing grounds for relief under Rule 60(b), and explaining that Rule 60(b)(6) relief is granted "only where extraordinary circumstances" are present (citations and quotation marks omitted)).  Contrary to Pickett's contentions, the district court did not abuse its discretion in concluding that Pickett failed to demonstrate that his counsel's actions amounted to virtual abandonment entitling him to relief under Rule 60(b)(6).  *See id.* at 1104 (finding plaintiff not entitled to relief under Rule 60(b)(6) even though "decision may have been driven by inept or erroneous advice or conduct of her counsel").

The district court did not abuse its discretion in denying Pickett's motion to file an amended complaint after the deadline set forth in the pretrial scheduling order because Pickett failed to demonstrate good cause.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-10 (9th Cir. 1992) (setting forth standard of review and "good cause" requirement to modify a scheduling order).

13-17625

We reject as meritless Pickett's contentions that the magistrate judge acted improperly.

All pending requests are denied.

**AFFIRMED.**