**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of: ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, as Successors, a Corporation Sole, DBA Archdiocese of Portland in Oregon, <br><br> FATHER M, <br><br>      Appellant, <br><br> v. <br><br> VARIOUS TORT CLAIMANTS, <br><br>      Appellee. | No. 13-36105 <br><br> D.C. No. 6:09-cv-01396-AA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted July 6, 2016[**]
Portland, Oregon

Before: PREGERSON, BEA, and OWENS, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Father M appeals from the district court's denial of his motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6). This court reviews denials of motions for reconsideration for an abuse of discretion. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). We have jurisdiction under 28 U.S.C. § 158(d)(1) and 28 U.S.C. § 1291, and we affirm.

To prevail on a motion for reconsideration under Rule 60(b)(6) for "any other reason that justifies relief," the moving party must demonstrate that "extraordinary circumstances" exist. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Rule 60(b)(6) is intended to be "used sparingly as an equitable remedy to prevent manifest injustice." *Id.* (internal quotation marks and citation omitted).

Father M has failed to show that the district court abused its discretion in finding that he did not demonstrate the "extraordinary circumstances" necessary to justify relief. As the district court pointed out, Father M does not explain why the information about his living situation that is contained in the newly submitted declarations could not have been raised earlier. *See id.* (explaining that a party seeking relief bears the burden to "demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a

proper fashion" (internal quotation marks and citation omitted)); *see also Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (reasoning that documents submitted would not be considered on a motion to set aside the judgment and for reconsideration because the documents were "available . . . from the beginning of the case").

Moreover, there has not been a "clear and authoritative change in the governing law" that would otherwise explain that failure. *See Phelps v. Alameida*, 569 F.3d 1120, 1131 (9th Cir. 2009) (internal quotation marks and citation omitted). The relevant standard for good cause, which balances the private and public interests (including the public interest in safety), was the relevant standard throughout this litigation. *See Father M v. Various Tort Claimants* (*In re Roman Catholic Archbishop of Portland in Or.*), 661 F.3d 417, 424 (9th Cir. 2011) (applying *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). That this circuit applied the fact-intensive good cause standard to Father M's facts in a way he did not expect does not require a district court to grant a motion for reconsideration.

Further, the district court noted that Father M's case was not similar to past cases where courts granted motions for reconsideration under Rule 60(b)(6). While Father M may be correct that this reason, alone, would not have been a

3

sufficient basis to deny a motion for reconsideration, the district court's order makes clear that it was not solely relying on this determination.

Thus, the district court did not abuse its discretion in denying Father M's motion for reconsideration under Rule 60(b)(6).

**AFFIRMED.**