NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CECILIA M. JAROSLAWSKY, | No. 15-15896 |
| Plaintiff-Appellant, | D.C. No. 4:12-cv-04949-JSW |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, Public Utilities Commission, Planning and Regulatory Compliance Division; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 14, 2016**

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Cecilia M. Jaroslawsky appeals pro se from the district court's summary

judgment in her action under the Age Discrimination in Employment Act

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("ADEA") and the California Fair Employment and Housing Act ("FEHA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Jaroslawsky's discrimination claims because Jaroslawsky failed to raise a genuine dispute of material fact as to whether she was discriminated against on the basis of her age. *See Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (prima facie case of age discrimination under ADEA); *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113 (Cal. 2000) (elements of FEHA discrimination claim).

The district court properly granted summary judgment on Jaroslawsky's retaliation claims because Jaroslawsky failed to raise a genuine dispute of material fact as to whether defendants' stated reasons for the adverse actions were pretextual. *See Poland v. Chertoff*, 494 F.3d 1174, 1179-80 & n.1 (9th Cir. 2007) (elements of ADEA retaliation claim); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 919 (9th Cir. 1996) (prima facie case of retaliation under FEHA).

The district court properly granted summary judgment on Jaroslawsky's hostile work environment claims because Jaroslawsky failed to raise a genuine dispute of material fact as to whether the alleged conduct was because of her age

15-15896

and sufficiently severe or pervasive to alter the conditions of her employment. *See Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1109 (9th Cir. 1991) (elements of ADEA hostile work environment claim), *superseded on other grounds as recognized by Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1041 (9th Cir. 2005); *see also Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (elements of FEHA harassment claim).

The district court did not abuse its discretion by denying Jaroslawsky's motion to disqualify the district court judge because Jaroslawsky failed to establish a basis requiring recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147-48 (9th Cir. 2010) (setting forth standard of review and standard for recusal).

The district court did not abuse its discretion by denying Jaroslawsky's motion for relief from the district court's denial of her motion to disqualify because Jaroslawsky failed to demonstrate any grounds for such relief. *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 60(b)(6)).

The district court did not abuse its discretion in denying Jaroslawsky's motion for relief from judgment based on her attorney's conduct because Jaroslawsky failed to demonstrate any grounds for such relief. *See Latshaw v.*

3                                                                15-15896

*Trainer Wortham & Co.*, 452 F.3d 1097, 1100, 1102-04 (9th Cir. 2006) (setting forth grounds for relief under Rule 60(b)(6) based on attorney gross negligence).

The district court did not abuse its discretion in awarding costs in the amount of $1,911.65.  *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 n.12, 945-46 (9th Cir. 2003) (setting forth standard of review and requirements for costs determinations).

We do not consider arguments, facts, or documents that were not presented to the district court, or matters not specifically and distinctly raised and argued in the opening brief.  *See Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 594-95 (9th Cir. 2002); *see also Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Jaroslawsky's requests to supplement the record with new information, set forth in her briefs, are denied.

**AFFIRMED.**