NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN B. TURNER,<br><br>          Plaintiff-Appellant,<br><br>v.<br><br>DUSTIN TIERNEY, in his Individual Capacity as Correctional Officer of the California Department of Correction and Rehabilitation,<br><br>          Defendant-Appellee. | No. 15-15390<br><br>D.C. No. 3:12-cv-06231-MMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Stephen B. Turner appeals pro se from the district court's order denying his

motion to modify a settlement agreement and request to vacate the order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his underlying 42 U.S.C. § 1983 action in light of that settlement agreement. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a denial of motion for relief from a final judgment or order. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion in denying Turner's motion to modify the settlement agreement and vacate the order of dismissal because Turner failed to file these motion within 180 days, as required by the order of dismissal. *See* Fed. R. Civ. P. 60(c)(1) (motions to vacate an order under Rule 60(b) must be brought "within a reasonable time"); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010) (describing district court's wide discretion in case management and obligation "to secure the just, speedy, and inexpensive determination of every action" (citation and internal quotation marks omitted)); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) (attorney mistakes are more appropriately addressed through malpractice claims, not Rule 60(b)(1) motions).

We do not consider allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-15390