**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLENN WILSON, | No. 17-35175 |
| Plaintiff-Appellant, | D.C. No. 6:13-cv-01538-AA |
| v. | |
| OREGON YOUTH AUTHORITY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Glenn Wilson appeals pro se from the district court's order denying his

motion to set aside a settlement agreement and to vacate the order dismissing his

Title VII employment action in light of that settlement agreement. We have

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a denial

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

of motion for relief from a final judgment or order. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion in denying Wilson's motion because Wilson failed to establish grounds for invalidating the parties' settlement agreement. *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006) (attorney mistakes are more appropriately addressed through malpractice claims, and are not a basis to vacate a judgment); *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) (district court's finding that a party consented to a settlement and intended to be bound by it must be affirmed unless clearly erroneous).

We do not consider facts or documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

Wilson's motion to file physical exhibits (Docket Entry No. 9) and Oregon Youth Authority's motion to strike portion of appellant's reply brief (Docket Entry No. 23) are denied.

**AFFIRMED.**

17-35175