NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| C. W., individually and as a successor-in-interest to Decedent Cameron Wagner, by and through his Guardian Ad Litem Tyrone Sales,<br><br>             Plaintiff-Appellant,<br><br>  v.<br><br>DEBBIE ASUNCION, Warden of the California Department of Corrections, Los Angeles County,<br><br>             Defendant-Appellee. | No. 20-55757<br><br>D.C. No.<br>2:19-cv-02225-RGK-GJS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted October 20, 2021**
Pasadena, California

Before: KLEINFELD, R. NELSON, and VANDYKE, Circuit Judges.

Two months after judgment in this case, appellant C.W. filed a Rule 60(b)

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion for relief from that judgment. Rule 60(b) allows the district court to relieve a party from judgment when there is newly discovered evidence, changed law, fraud, misconduct, mistake, or some other reason that justifies extraordinary relief. Fed. R. Civ. P. 60(b). The district court denied the motion because appellant failed to identify new facts, changed law, or any other reason judgment should be altered under the demanding Rule 60(b) standard. That order, and only that order, is now on appeal. We affirm.[1]

Appellant argues that we should use this appeal of a post-judgment order to review the entire underlying case, including the district court's rulings on summary judgment. The result here might have been different if appellant timely appealed the district court's final judgment. *See* 28 U.S.C. § 2107(a); Fed. R. Civ. P. 60(b); Fed. R. App. P. 3, 4(a)(1)(A), 4(a)(4)(A)(vi). But he did not do so, meaning we can only review the district court's order denying his Rule 60(b) motion. *See Lal v. California*, 610 F.3d 518, 523–24 (9th Cir. 2010) (explaining the court lacked jurisdiction to review an underlying dismissal order when a Rule 60 motion was filed after the deadline to appeal); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (explaining that a timely notice of appeal is jurisdictional); *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989) ("An appeal from a denial of a Rule 60(b) motion

---

[1] The parties are familiar with the facts and procedural history of this case, so we recite only those facts necessary to decide this appeal.

brings up only the denial of the motion for review, not the merits of the underlying judgment.").

We review denial of a 60(b) motion to reconsider judgment for abuse of discretion. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006). "Under this standard, we can reverse only if a district court does not apply the correct law, rests its decision on a clearly erroneous finding of material fact, or applies the correct legal standard in a manner that results in an abuse of discretion." *Id*. (citation and quotation marks omitted).

Here, the district court properly identified Rule 60(b) and a corresponding local rule and accurately stated that a motion for reconsideration could not be used to re-litigate a lawsuit. Then, the district court applied the rule and analyzed appellant's requests for reconsideration of orders on a motion for leave to amend and a motion for summary judgment, finding there had been no changes in law or fact to justify relief under Rule 60(b). We cannot say the district court abused its discretion here. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp*., 248 F.3d 892, 899 (9th Cir. 2001) (finding no abuse of discretion where a district court denied a Rule 60(b) motion in which movants merely reiterated previously raised arguments); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1261 (9th Cir. 2004) ("[T]his is a clear attempt to relitigate the issue central to the merits of this case and the district court's

summary judgment [order]. As the merits of a case are not before the court on a Rule 60(b) motion, this claim fails as well.").

Because our review is limited to the district court's denial of appellant's Rule 60(b) motion, we conclude that the district court did not abuse its considerable discretion in denying relief. Appellant has not shown otherwise. We **AFFIRM.**